UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENNIE J. WALLACE,

                Plaintiff,

-against-

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

14-cv-2066 (NSR)(LMS)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

Bennie Wallace ("Plaintiff"), proceeding *pro se*, seeks review under 42 U.S.C. § 405(g) of a decision by the Commissioner of Social Security ("Defendant") denying his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 15.) Plaintiff opposed the motion on the basis he suffers from an injury that renders him disabled as defined by relevant law. (ECF No. 18.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), this case was previously referred to Magistrate Judge Lisa Margaret Smith. On August 11, 2017, Magistrate Judge Smith issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be denied. (ECF No. 24.) For the following reasons, the Court adopts Magistrate Judge Smith's R&R in its entirety, Defendant's motion for judgment on the pleadings is Denied, the decision of the ALJ is vacated, and the case is remanded to the agency for further proceedings consistent with this Order and the R&R.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9\11\2017

Copies mailed/faxed 9\11\2017
Chambers of Nelson S. Román, U.S.D.J.

## BACKGROUND

Plaintiff seeks judicial review of a decision by the Commissioner of Social Security. The Court assumes familiarity with the underlying facts and prior proceedings in this case, as set forth in the R&R. Plaintiff timely commenced the instant action after the Appeals Council denied his request for review of an Administrative Law Judge's ("ALJ") determination that denied him benefits. While the Complaint is dated March 14, 2014, the action was commenced on March 17, 2014, the date the Complaint was actually filed. (ECF No. 2.) On September 22, 2014, Defendant moved for judgment on the pleadings on the basis the administrative record support's the ALJ's finding that Plaintiff is not disabled, and, therefore not eligible for disability benefits.

On August 11, 2017, Magistrate Judge Smith issued the R&R recommending, *inter alia*, that this Court deny Defendant's motion. Neither party has filed written objections to the R & R.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United*

2

*Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, neither party has filed an objection to the R&R issued by Magistrate Judge Smith. Accordingly, the Court reviews the recommendation for clear error.

The Court finds no error on the face of the R&R, and adopts Judge Smith's R&R in its entirety. Judge Smith determined "the ALJ failed to fully develop the record when he acknowledged a clear gap in Plaintiff's psychiatric treatment records but made no efforts to remedy it." R&R at 32. The ALJ also provided an inadequate basis for assigning the requisite deference to the opinions of Plaintiff's treating physicians. Lastly, by committing legal errors, as previously discussed and as outlined in the R&R more fully, the Court is unable to determine whether the ALJ's ultimate decision is supported by substantial evidence.

## CONCLUSION

For the reasons stated above, this Court adopts Magistrate Judge Smith's Report and Recommendation in its entirety. Defendant's motion for judgment on the pleadings is DENIED. The decision of the ALJ is deemed vacated and the case is remanded to the administrative agency for further proceedings consistent with this Order and the R&R. The Clerk of Court is

respectfully directed to terminate the motion (ECF No. 15) and to close this case accordingly.

Dated: September 11, 2017
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge